# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY C. KRUG, | |
| Petitioner, | Case: 1:17-cv-00725 (F-Deck) |
| | Assigned To : Unassigned |
| v. | Assign. Date : 4/19/2017 |
| | Description: Pro Se Gen. Civil   Jury Demand |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent. | |

## MEMORANDUM OPINION

This matter is before the Court on the petitioner's application to proceed *in forma pauperis* and his *pro se* "Complaint" which is construed as a petition for a writ of mandamus. The Court will grant the application and dismiss the petition.

A writ of mandamus "compel[s] an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "[M]andamus is 'drastic'; it is available only in 'extraordinary situations.'" *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citations omitted). Only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff," *Thomas v. Holder*, 750 F.3d 899, 903 (D.C. Cir. 2014), can mandamus relief be granted. This petitioner addresses none of these elements, and thus fails to meet his burden.

Furthermore, "[i]t is well-settled that a writ of mandamus is not available to compel discretionary acts," *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases),

such as the Commissioner's decision either to sign a declaration or to pay the petitioner the reward to which he claims to be entitled, *see* Compl. ¶ 6.

The petition for a writ of mandamus will be denied. An Order accompanies this Memorandum Opinion.

DATE:
4-17-17

United States District Judge
J. Boasberg